IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joseph Isaiah Alexander, Jr., | ) | Case No. 5:23-cv-01020-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Greenville County Police Department, South Carolina Department of Corrections, Sandra Kay Alexander, Beth Burket, Rhonda Romans, Department of Corrections Head of Classification, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On April 6, 2023, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance of service of process. ECF No. 18. Plaintiff filed objections to the Report. ECF No. 21.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends that this action be dismissed without prejudice and without issuance of service of process because Plaintiff has failed to allege sufficient facts to state a constitutional violation. In the event that the undersigned agrees, the Magistrate Judge further recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court finds that the Magistrate Judge provided a thorough recitation of the facts and applicable law and incorporates that discussion by reference.

Plaintiff, proceeding pro se and in forma pauperis, objects to the Magistrate Judge's recommendation by restating his allegations. Briefly, Plaintiff contends that his constitutional rights have been violated by requiring him to comply with South Carolina's sex offender registry law. He contends that he was sentenced in 1987 but the registration requirements did not begin until 2002, that a judge never ordered that he be on the sex offender registry, and that the registry is punitive.

As explained in more detail by the Magistrate Judge, these allegations are insufficient to state a claim that Plaintiff's constitutional rights have been violated. *See Weaver v. Graham*, 450 U.S. 24, 28 (1981) (holding that an ex post facto law is one that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed" (internal citation and quotation marks omitted)); *Jones v. Glover*, C/A No. 1:09-2670-JFA-SVH, 2011 WL 489942, at *2 (D.S.C. Jan. 12, 2011), *report adopted*, 2011 WL 489940 (D.S.C. Feb. 7, 2011) (explaining South Carolina's sex offender registry statute, "is not so punitive in its purpose or effect as to constitute a criminal penalty"); *State v. Walls*, 558 S.E.2d 524, 526 (S.C. 2002) (determining sex offender registration does not constitute a criminal penalty and explaining the South Carolina Sex Offender Registry Act is not penal but civil in nature). Moreover, as noted by the Magistrate Judge, other courts have determined similar registry law are nonpunitive and that retroactive application does not violate the Ex Post Facto clause. *See, e.g,, Smith v. Doe*, 538 U.S. 84 (2003) (upholding an Alaska law that required any sex offender, including those convicted before the enactment of the law, to register with the state's Department of Corrections). Therefore, the Court finds that Plaintiff has failed to allege sufficient facts to state a plausible claim that his constitutional rights have been violated.[1]

---

[1] In his complaint and objections, Plaintiff briefly argues that Defendants have changed his charges to require him to register. ECF Nos. 1-1 at 3; 21 at 2. Liberally construing Plaintiff's filings, it in unclear whether this argument relates to his 1987 or 2007 charges and whether he is alleging the charges of which he was found guilty were altered after the fact or that the reasoning for requiring him to register was changed. Regardless, the Court finds that this assertion lacks merit. Plaintiff does not dispute that he was found

3

**CONCLUSION**

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. Plaintiff's federal claims are **DISMISSED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, this action is **DISMISSED** without prejudice, without issuance of service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 7, 2023
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

guilty of criminal sexual conduct in 1987 and the Greenville County public index shows that Plaintiff pled guilty to voyeurism in 2008 (there were no changes listed as to Plaintiff in 2007; however, the court notes that his arrest date was January 27, 2008). https://www2.greenvillecounty.org/SCJD/PublicIndex (enter Case Number I474700) (last visited May 30, 2023). These convictions qualify Plaintiff for the sex offender registry. *See* S.C. Code Ann. § 23-3-430.